IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ERIE DIVISION

|  |  |
|---|---|
| OMAR S. FOLK, | ) Case No. 1:24-cv-101 |
| Petitioner | ) |
| v. | ) RICHARD A. LANZILLO |
|  | ) Chief United States Magistrate Judge |
| WARDEN MCKEAN S. BARLET, | ) |
| Respondent | ) MEMORANDUM OPINION ON |
|  | ) PETITION FOR WRIT OF HABEAS |
|  | ) CORPUS |

I.    Introduction

Presently pending is a petition for writ of habeas corpus filed by pro se Petitioner Omar S.

Folk (Petitioner) pursuant to 28 U.S.C. § 2241. ECF No. 4. For the following reasons, Petitioner's

§ 2241 petition must be dismissed based on his failure to exhaust his claims.[1]

II.    Background

Petitioner is an inmate in the custody of the Federal Bureau of Prisons (BOP), currently

incarcerated at FCI McKean. Assuming he receives all Good Conduct Time (GCT) available to

him under 18 U.S. C. § 3624(b), Petitioner's projected release date is May 11, 2031. ECF No. 12-

1 ¶ 3.

In his petition for writ of habeas corpus, Petitioner contends that the BOP failed to apply

Federal Time Credits (FTC) to his sentence and prerelease custody pursuant to the First Step Act

---

[1] The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge to conduct all proceedings in this case, including the entry of final judgment, as authorized by 28 U.S.C. § 636.

1

(FSA).[2] He seeks an order directing the BOP to apply FSA credits and remove a year from his sentence. ECF No. 4 at p. 7.

III.    Discussion

An inmate seeking habeas relief pursuant to § 2241 must first exhaust the BOP's administrative remedies as to his claim. *See, e.g., Vasquez v. Strada*, 684 F.3d 431, 433 (3d Cir. 2012) (citing *Moscato v. Federal Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996)). The exhaustion requirement: (1) fosters administrative autonomy by providing the BOP with the opportunity to correct its own errors before the federal court becomes involved; (2) conserves judicial resources by permitting the BOP to grant the relief requested if such relief is warranted; and (3) facilitates judicial review, in the event that such review is ultimately required, by allowing the BOP the opportunity to develop a factual record and apply its expertise. *See, e.g., Moscato*, 98 F.3d at 761-62.

Pursuant to 28 C.F.R. § 542.13, inmates are first encouraged to attempt to resolve their complaints informally by addressing the matter with a member of their Unit Team. 28 C.F.R. § 542.13. If informal resolution fails, the inmate may file a formal complaint with the Warden of his institution. 28 C.F.R. § 542.14(a). If the inmate is not satisfied with the Warden's response, he may appeal the response to the Regional Director within 20 days of the date of the Warden's response. 28 C.F.R. § 542.15(a). If the inmate is dissatisfied with the Regional Director's response, he may file a Central Office Appeal with the BOP's Office of General Counsel within 30 days of the date of the Regional Director's response. *Id.* Appeal to the Office of General Counsel is the final administrative appeal in the BOP. *Id.* If, at some level, the inmate does not

---

[2] Pursuant to the First Step Act, earned time credits can be applied toward earlier placement in pre-release custody or toward a term of supervised release. 18 U.S.C. § 3632(d)(4)(C).

receive a response within the time allotted for reply, the inmate may consider the absence of a response to be a denial at that level. 28 C.F.R. § 542.18.

In the instant case, Petitioner submitted an administrative remedy request on April 14, 2023, seeking application of FSA Time Credits. ECF No. 12-1 ¶ 8; ECF No. 12-5 at p. 12. A staff member denied his request with a written explanation on April 17, 2023. ECF No. 12-1 ¶ 8. While it appears that Petitioner attempted to appeal that decision to the Northeast Regional Office (Regional Office) on or around April 20, 2023, *see* ECF No. 4-1, the Regional Office did not receive that appeal until May 16, 2023. ECF No. 12-1 ¶ 8. Because that date fell outside of the twenty-day timeframe specified in 28 C.F.R. § 542.15(a), the Regional Office rejected the appeal as untimely. *Id.* Consistent with 28 C.F.R. § 542.14(b),[3] Petitioner was advised that he could resubmit his appeal, but that he needed to provide a memo from staff explaining the reason the delay. *Id.*

Without obtaining the requisite staff memo, Petitioner submitted a second appeal to the Regional Office on August 29, 2023. *Id.* Petitioner was again informed that a belated appeal must be accompanied by a memo from staff explaining the reason for the delay. *Id.* Rather than try again, Petitioner appealed that decision directly to the BOP's Central Office on December 31, 2023. *Id.* That appeal was again rejected with instructions to comply with the directives previously issued by the Regional Office. *Id.* Petitioner did not attempt to appeal further, suggesting that his prior attempts had been "stone-walled" and "thwarted." ECF No. 4 at p. 8.

Because Petitioner did not properly appeal his adverse decision to the Regional or Central Office, either by lodging it in a timely fashion or by resubmitting it with the requisite staff memo,

---

[3] 28 C.F.R. § 542.14(b) states that, if there is a "valid reason for delay," a petitioner may receive an extension of time by "submit[ting] written verification from institution staff for any reason for delay that cannot be verified through [the BOP's SENTRY record system].".

his petition has not been exhausted. Moreover, because the time in which to exhaust his claim has

long expired, that claim has now been procedurally defaulted. *See, e.g., Moscato*, 98 F.3d 761-62;

*Spicer v. Ebbert*, 2019 WL 1841467, at \*4 (M.D. Pa. Feb. 15, 2019) ("[The] exhaustion rule in

federal habeas corpus proceedings is also subject to a procedural default requirement."). Absent

a showing of cause and prejudice for his procedural default, review of the merits of his habeas

petition is now barred. *Beckford v. Martinez*, 408 Fed. Appx. 518, 520 (3d Cir. 2010). *See also*

*Moscato*, 98 F.3d at 761-62 ("[A] federal prisoner who . . . fails to exhaust his administrative

remedies because of a procedural default, and subsequently finds closed all additional avenues of

administrative remedy, cannot secure judicial review of his habeas claim absent a showing of cause

and prejudice").

Petitioner implicitly suggests that his failure to exhaust should be excused because he "did

all he could do" to appeal his claim. He also maintains that the Regional Director should have

investigated to determine whether his legal mail had indeed been sent on April 20, 2023. ECF No.

14 at p. 5. Finally, he contends, apropos of nothing, that he was transferred from "Schuylkill

Medium to FCI McKean Medium" in order to "stone-wall" his exhaustion attempt. *Id*. at p. 5.

A failure to exhaust administrative remedies may only be excused in "rare circumstances."

*Powell v. Christensen*, 2023 WL 2060712, at \*2 (M.D. Pa. Feb. 16, 2023). For example,

"exhaustion may be excused where it 'would be futile, if the actions of the agency clearly and

unambiguously violate statutory or constitutional rights, or if the administrative procedure is

clearly shown to be inadequate to prevent irreparable harm.'" *See Brown v. Warden Canaan USP*,

763 Fed. Appx. 296, 297 (3d Cir. 2019) (quoting *Lyons v. U.S. Marshals*, 840 F.2d 202, 205 (3d

Cir. 1988)). Notably, courts have repeatedly held that FSA earned-time-credit disputes are

"unrelated to statutory construction" and thus "must first be properly exhausted through the BOP

system." *Delgado v. Barraza*, 2023 WL 4553380, at *2 (M.D. Pa. July 14, 2023); *Bell v. Finley*, 2022 WL 1721045, at *3 (M.D. Pa. May 27, 2022) (same).  Consequently, the Court need only consider whether exhaustion in the instant case would have been futile.

Petitioner's argument that the untimeliness of his appeal should have been excused because he attempted to mail it within the twenty-day period specified by law is unavailing.  Pursuant to 28 C.F.R. § 542.18, an appeal to the BOP regional office "is considered filed on the date it is logged into the Administrative Remedy Index as received."  Because the "statutory or regulatory scheme" applicable to BOP administrative appeals "clearly require[s] actual receipt by a specific date," *Longenette v. Krusing*, 322 F.3d 758, 764 (3d Cir. 2003), the prison mailbox rule "does not apply to BP-10 administrative remedy forms." *Gonzalez v. FCI Schuylkill*, 2021 WL 3771991, at *3 n. 1 (M.D. Pa. Aug. 25, 2021). *See also Zuniga v. Chamberlin*, 2018 WL 1385208, at *7 (M.D. Pa. Mar. 19, 2018) ("[A]dministrative remedy forms are not subject to the prison mailbox rule."); *Desposito v. Warden, FCI Fort Dix*, 2023 WL 6307443, at *3 (D.N.J. Sept. 28, 2023) ("[T]he prison mailbox rule is inapplicable" to BOP administrative appeals "and [thus] Petitioner was required to obtain a staff memo to excuse his untimely filing of his appeal to the BOP regional director."); *Snisky v. Ortiz*, 2020 WL 2520419, at *3 (D.N.J. May 18, 2020) (noting that the Third Circuit "has explicitly rejected the prison mailbox rule" in this context).

To the extent that Petitioner maintains that prison officials thwarted his attempts at exhaustion by strictly enforcing the timeliness requirement, Petitioner is reminded that, "[i]n order to exhaust administrative remedies, a federal prisoner *must* comply with the procedural requirements of the BOP's administrative remedy process, which are set forth in the Code of Federal Regulations." *Bell v. Spaulding*, 2023 WL 3851981, at *2 (M.D. Pa. June 6, 2023) (emphasis added). *See also McClung v. Shearin*, 90 Fed. Appx. 444, 445 (4th Cir. 2004) ("Proper

exhaustion demands compliance with an agency's deadlines and other critical procedural rules")
(citing *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (noting that "proper exhaustion" means "using
all steps that the agency holds out, and doing so *properly*") (emphasis in original)).  This includes
the requirement that an untimely appeal must be accompanied by a staff memo providing
justification for the delay. *Wall v. Holt*, 2007 WL 89000, at *4 (M.D. Pa. Jan. 9, 2007) (dismissing
petition for failure to exhaust where, "consistent with 28 C.F.R. § 542.15(a), the BOP did give
Wall an opportunity to submit staff verification that the delay in filing his regional appeal was not
has fault [but] he offered no justification"); *Desposito v. Warden, FCI Fort Dix*, 2023 WL
6307443, at *3 (D.N.J. Sept. 28, 2023) ("Petitioner was required to obtain a staff memo to excuse
his untimely filing of his appeal to the BOP Regional Director.").  The Regional and Central
Offices advised Petitioner of this precise requirement at each stage of the administrative process.
Despite these instructions, Petitioner failed to obtain and submit the requisite staff memo.  His
failure to comply with this type of procedural requirement, and the BOP's enforcement of the
same, does not support a finding of futility. *See, e.g., Forte v. Longley*, 2012 WL 4754972, at *3
(W.D. Pa. Sept. 13, 2012) (applying procedural default to claim that was rejected at the
administrative level because inmate's regional appeal contained too many pages and his central
appeal did not include a copy of the regional appeal decision); *Washington v. Hodges*, 2014 WL
5396188, at *3 (S.D. Ill. Oct. 22, 2014) (concluding BOP inmate failed to properly exhaust
administrative remedies because, *inter alia*, his appeal to the Central Office contained too many
continuation pages and failed to contain the requisite the number of copies); *Strouse v. Wilson*,
2014 WL 843276, at *5 (E.D. Va. Mar. 4, 2014) (same).

In the absence of any evidence that the BOP improperly enforced the timeliness
requirement or thwarted Petitioner from satisfying his administrative obligations, Petitioner cannot

establish that his claim has been properly exhausted.  For that reason, this Court cannot consider the merits of his claim and his petition must be dismissed.  *See, e.g., Vasquez*, 684 F.3d at 434 (district court properly dismissed federal prisoner's § 2241 petition because he failed to exhaust his administrative remedies); *Spicer*, 2019 WL 1841467, at *4 ("With respect to his complaints regarding this sentence calculation, Spicer is an inmate who has failed to exhaust his remedies, and now fails to provide cause and prejudice which excuses this earlier procedural default. Therefore, these unexhausted claims should be dismissed.").

IV.     Conclusion

For the foregoing reasons, Folk's petition for a writ of habeas corpus will be dismissed because the claims asserted therein are procedurally defaulted.[4]  An appropriate order will follow.

Dated this 30th day of January, 2025.

BY THE COURT:

RICHARD A. LANZILLO
Chief United States Magistrate Judge

---

[4] Because "[f]ederal prisoner appeals from the denial of a habeas corpus proceeding are not governed by the certificate of appealability requirement," the Court need not make a certificate of appealability determination in this matter. *Williams v. McKean*, 2019 WL 1118057, at *5 n. 6 (W.D. Pa. Mar. 11, 2019) (citing *United States v. Cepero*, 224 F.3d 256, 264-65 (3d Cir. 2000), abrogated on other grounds by *Gonzalez v. Thaler*, 565 U.S. 134 (2012)); 28 U.S.C. § 2253(c)(1)(B).